# WALKER v. HAMPTON, ET AL.

1. A sheriff who has lawfully seized slaves under an attachment is not liable *in an action of trespass*, if he refuse to permit the defendant to replevy them, although a valid bond, with sufficient sureties may be tendered.

Writ of Error to the Circuit Court of St. Clair.

THIS action is trespass by Walker against Hampton and Chenault for taking and carrying away certain slaves from the pos-

session of Walker. The cause seems to have been tried on the general issue, as no pleas are set out in the transcript.

At the trial, the plaintiff proved his right of property in the slaves named in the declaration, his possession of them in the fall of the year 1843, and that one of the defendants, at the instigation of the other, took the slaves from him.

The defendants then proved, that at the time of the injury complained of, one of them, Chenault, was the sheriff of St. Clair; that as such sheriff, and under and by virtue of a valid writ of attachment against the plaintiff's effects, he took and detained the slaves.

The plaintiff then proved, that after this seizure, Chenault, as sheriff, was tendered a formal and sufficient bond, with good sureties, in order to replevy the slaves, as provided by statute; and that Chenault, under the advice and instigation of Hampton, refused to accept the bond, and to return the slaves to the plaintiff's possession, but kept and detained them, and refused to allow him to replevy.

On this state of facts, the plaintiff's counsel requested the Court to charge the jury, that if the sheriff, Chenault, refused to receive the bond tendered, and continued to hold the slaves, then he and every other person acting in concert with him, would be trespassers. This was refused; and the jury was charged, that the failure of the sheriff to receive the bond, and his detaining the slaves by virtue of an attachment and levy, did not amount to a trespass, and would not sustain this action against him,

This is now assigned as error.

F. W. BOWDON, for the plaintiff in error, insisted, 1, That though a sheriff cannot be treated as a trespasser for a mere *nonfeasance*, yet he may be for a *misfeasance*, as in the case here. [Ackenhead v. Blades, 5 Taunt. 197; The six carpenter's case, 8 Coke. 290; 43 Law Lib. 136; Winterbourne v. Morgan, 11 East, 305; Echester v. Papplewell, 1 East, 139; Lockrider v. McDonald, 10 John. 253; Keor v. Sharp, 14 S. & R. 399; Hopkins v. Hopkins, 10 John. 379.]

2. So, if a sheriff continues in possession after the return day of the bond, this makes him a trespasser, *ab initio*. [46 Law Lib. 465; Gorgrove v. Smith, Salk. 221; Buller's N. P. 81.]

S. F. Rice, for the defendants in error, argued,

1. This action cannot be maintained when no trespass has been committed, though a lawful act may, in consequence of a subsequent unlawful act, and by relation, be a trespass: but even in such a case, the subsequent act must be a trespass. [Waterburg v. Lockwood, 4 Day, 257.]

2. One cannot be made a trespasser, *ab initio,*, by mere *misfeasance.* [Six carpenter's case, 8 Coke, 146 ; Gardner v. Campbell, 15 John. 401 ; 3 Starkie's Ev. 1445.]

3. A judicial officer cannot be made liable as a trespasser, if he has jurisdiction. Here, the sheriff, as to the taking of the bond, is a judicial officer, and may reject or approve it, according to his judgment. If liable at all, it is in case, for maliciously refusing. [5 Mass. 547.]

GOLDTHWAITE, J.—We think the charge to the jury was a correct exposition of the law of this case. The sheriff, by the attachment, was authorised to seize the slaves, and it is not shown that any act was subsequently done by him in relation to them, which is unlawful. In the Six Carpenter's Case, 8 Coke, 290 ; S. C. 43 Law Lib. 130, it is said, if the lessor distrain for his rent, and thereupon the lessee tenders him the rent in arrears, and requires his beasts again, and the lessor will not deliver them, this not doing cannot make him a trespasser, *ab initio.*

This is precisely the present case, and shows the charge to be correct.

Judgment affirmed.